## State of Vermont v. Robert V. Noble

[538 A.2d 162]

No. 86-500

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser. J. (Ret.), Specially Assigned

Opinion Filed November 25, 1987

*William T. Keefe*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Peter F. Langrock* and *John L. Kellner* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Peck, J.** Defendant, Robert Noble, brings this interlocutory appeal from the trial court's denial of his motion to suppress evidence in a driving while intoxicated (DUI) prosecution. We affirm.

On April 14, 1986, a Bristol police officer was called to the scene of a one-car accident in Bristol. The officer did not observe the accident or any operation of a motor vehicle by defendant. Defendant returned to the scene of the accident 15 minutes after the officer had arrived there, and he advised the officer, whom he knew on a friendly basis for approximately 20 years, that he had been the operator of the vehicle involved in the accident. The officer observed signs that defendant was intoxicated, administered a preliminary screening test, then told defendant, "I'm afraid that I'm going to have to ask you to come down to the station to take a crimper test." The defendant agreed, and was taken to the Bristol police station where the DUI processing was carried out.

The sole issue presented for this appeal is whether the results of the breath test taken at the police station and statements made there were obtained as a product of an illegal arrest, so that defendant's motion to suppress the results of the test and any statements he made was improperly denied. Defendant argues that his detention rose to the level of an arrest. Since the police officer was not authorized under V.R.Cr.P. 3 to make a warrantless arrest, and since the officer did not have a warrant, defendant argues that his arrest was invalid and the statements and breath test which were the fruits of the arrest must be suppressed. We find, however, that in the instant case no arrest occurred.

This Court has held that "[i]t is not necessary to place a person under arrest before [a breath test] may be administered if he consents thereto . . . and therefore accompanying an officer voluntarily to the police station for this purpose, without more, does not constitute an arrest." *State* v. *Baldwin*, 140 Vt. 501, 512-13, 438 A.2d 1135, 1141 (1981); see also *State* v. *Carmody*, 140 Vt. 631, 635, 442 A.2d 1292, 1294 (1982) (taking a suspected drunk driver to the police station for processing, under certain circumstances, will not rise to the level of an arrest). The record in the present case fails to disclose any evidence of involuntariness or coercion beyond the coercive elements which may exist " 'simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime.' " *State* v. *Willis*, 145 Vt. 459, 472, 494 A.2d 108, 115 (1985) (quoting *Oregon* v. *Mathiason*, 429 U.S. 492, 495 (1977) (discussing the degree of coercion required for there to be a custodial interrogation for the purpose of administering *Miranda* warnings). On the record before us we conclude that no arrest took place. Therefore the trial court did not err in denying defendant's motion to suppress the results of defendant's breath test and statements he made during his detention for DUI processing.

*Affirmed.*